·THE STATE v. BRUCE E. LOOMIS ET AL.

Submitted March 16, 1916—Decided June 8, 1916.

1. By the Crimes act of this state it is a criminal offence for any person maliciously, or without lawful justification, and with intent to cause and procure the miscarriage of a woman pregnant with child, to administer to her, or prescribe for her, or advise or direct her to take or swallow any drug, medicine or noxious thing, &c., and it is immaterial in determining the guilt of one charged with a violation of this statutory provision whether the woman upon whom the offence is committed was or was not then "quick with child."

2. On the trial of an indictment for this statutory offence, it is sufficient for the state to prove that pregnancy existed and that the defendant had a suspicion of its existence and acted upon that suspicion in order to show an intent to produce a miscarriage.

3. A statement to the jury by the trial court in a criminal case, as to what the prosecution claimed the proofs showed with relation to a material fact in the case, is not legally objectionable.

On error to the Essex Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff in error, *Frank M. McDermit* and *Howe & Davis* (*Robert M. Moore,* of the New York bar, on the brief).

For the state, *Frederick F. Guild,* prosecutor of the pleas, and *Andrew Van Blarcom,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs in error were convicted of the crime of abortion committed upon the body of one Marie Crogan. The case now being before us for review, the plaintiffs in error contend that the conviction against them should be reversed for various trial errors which will be considered in turn.

The first ground of reversal urged by counsel in their brief is that, in order to sustain a conviction for the crime of abortion, there must be proof that the woman was quick with child, and that such proof was lacking in the present case. Counsel rely, in support of this contention, upon the case of *State* v. *Cooper,* 22 *N. J. L.* 52. In that case it was held that the causing or procuring of an abortion before the child is quick was not a criminal offence at common law, and had never been made such by statute in New Jersey. But almost immediately after the promulgation of the opinion in the cited case, the legislature passed a supplement to the Crimes act, making it a criminal offence for any person maliciously, or without lawful justification, and with intent to cause and procure the miscarriage of a woman then pregnant with child, to administer to her, or prescribe for her, or advise or direct her to take or swallow any drug, medicine or noxious thing, &c. At common law, as was pointed out in State *v.* Cooper, the offence was only against the life of the child. The enactment of the statute immediately afterward was largely to protect the health and life of the mother against the consequences of the act. And for this reason it was held by this court, in *State* v. *Murphy,* 27 *Id.* 112, that it was immaterial, in determining the guilt of the offender against the statute, whether the fœtus had quickened or not; that in either event the degree of the defendant's guilt was the same. Although various changes in the statute were made between the time of its enactment and the Revision of 1898, there has been no change in the character of the offence, which, since then, has always been held to be complete if pregnancy existed. In that respect the Revision of 1898 (*Crimes act, §* 119) is identical in its language with the act of 1849. The first ground of reversal is, consequently, without merit.

It is next contended that the trial court erred in charging the jury that, although there could be no violation of the statute unless the woman was pregnant, it was not necessary to show, in order to prove intent to produce a miscarriage, that the defendant knew the woman was pregnant with child;

that it was sufficient if he entertained the belief or suspicion of her pregnancy. The argument of counsel is that "the state must not only prove pregnancy, but must also show that the defendants had a belief in its existence, because no abortion can be committed where there is no pregnancy, and no intent is proved where there is no belief in pregnancy." It thus appears that the portion of the instruction subjected to criticism is that it is sufficient to justify a finding that the defendant intended to violate the statute if he entertained "a suspicion of the woman's pregnancy." In delivering the instruction complained of the trial judge adopted the statement contained in *Powe* v. *State,* 48 *N. J. L.* 34, 36, which is as follows: "An intent to produce a miscarriage may exist without absolute knowledge of pregnancy. * * * And if there be a mere suspicion that pregnancy exists there may be an intent to cause a miscarriage if the suspected condition is in existence." We think this statement of the law unobjectionable. It would hardly do to say that an abortionist who merely suspects a condition of pregnancy, but has no belief either in its existence or non-existence, can escape the denunciation of the statute if, because of his suspicion, he operates for the purpose of producing a miscarriage in case the woman should be pregnant, and does, in fact, produce a miscarriage by the operation.

The next ground of reversal argued by counsel is that the court erred in charging the jury that there was some evidence tending to show that the defendant Loomis endeavored to keep Marie Crogan from the authorities with an idea of suppressing her testimony. Counsel asserts that this statement of the court was absolutely unsupported by fact. Our examination of the record of the proceedings had at the trial, and sent up with the writ of error, satisfies us that the statement of the judge was justified.

The next ground of reversal is that the court erroneously charged the jury that "the state contends that she (Marie Crogan) was treated with a medicine that Dr. Young gave her," &c., &c., and the argument is that this was not proved

by the evidence in the case. But in the excerpt complained of the court was not undertaking to state any facts in proof, but merely what the contention of the state was. It is not suggested the court was in error in this statement, and, of course, there was nothing objectionable in referring to what the state's claim was.

There are other criticisms upon the charge contained in the reasons for reversal, but they involve questions already discussed, and require no further comment.

The remaining grounds of reversal are directed at rulings on evidence. The first is, that the court below improperly permitted the state to ask the witness Marie Crogan certain questions with relation to her testimony before the grand jury. It is not necessary to pass upon the question of the right of the state to introduce evidence of occurrences in the grand jury room, and the limitations upon that right, for the reason that, although the questions were asked and objected to, the record in the case shows that none of them were answered.

Lastly, counsel for the defendants assert that it was error for the court to allow the prosecutor of the pleas to recall Marie Crogan just before the close of the state's case, for the purpose of contradicting a statement made by another of the state's witnesses. Why counsel consider this judicial action to constitute error is not made plain in their brief; but it is enough to say, in disposing of the present contention, that the testimony was admitted, not only without objection on the part of the defendants, but without even a suggestion of its impropriety. This being so, there was no ruling by the court below upon the question of the admissibility of the evidence, and, of course, nothing for this court to review.

The judgment under review will be affirmed.